(No. 35344.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES RICHARDSON, Plaintiff in Error.

*Opinion filed January 20, 1961.—Modified on denial of rehearing March 27, 1961.*

JAY T. FRANK, and GEORGE B. COLLINS, both of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JOHN T. GALLAGHER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The defendant, Charles Richardson, was convicted on October 22, 1958, by a jury in the criminal court of Cook County for having in his possession narcotics and was given

an indeterminate sentence of two to ten years. He seeks a reversal here on writ of error on the sole ground that the evidence was insufficient to exclude every reasonable hypothesis of innocence.

On August 8, 1958, at 9:30 P.M. two civilian-clothed police officers, Knazze and Holmes, of the city of Chicago, were cruising along 31st Street in Knazze's unmarked car between Dearborn and State streets, and close to an alley they saw defendant and a companion Manual Norago. This area is almost completely depopulated as a result of the razing of buildings by governmental process, but east of the alley is a restaurant and two small structures. After driving around the block and into the alley, Knazze stopped and alighted from the car when he overheard defendant inquire of Norago as to who the occupants of the police car might be and when told that they were policemen Knazze saw defendant make a motion which suggested to him that defendant was throwing something to the ground. Knazze motioned for the other officer to come nearer and retrieve the object that apparently had been thrown by defendant. It was found only a few feet from where Richardson was standing and found to be a cigarette package with two small envelopes containing a quantity of white powder. Laboratory tests demonstrated that this substance was heroin.

Richardson and Norago were arrested instantly, searched and questioned. The defendant said that he was a moderate user of narcotics but knew nothing about the package of narcotics found near him. Norago admitted that he had served sentences in the penitentiary and jail for narcotic offenses but said that he now was almost completely reformed and was steadily employed in a legitimate enterprise. He testified that he did not see defendant throw anything to the ground, and, in effect, said that there were several other notorious users of narcotics in the immediate area who could very well have been the person who dropped the package containing heroin. The policemen however testified that

only Richardson and Norago were present when the events transpired that caused their arrest; that all other persons were at the corner of State and 31st streets or within the restaurant.

The defendant was well represented by an able member of the public defender's staff and on this review a strong argument is made that the proof in this case is not such that justifies a judgment of guilt. We agree with defendant's counsel that the rule in Illinois is well stated in *People* v. *Dougard,* 16 Ill.2d 603, where at 607 the court said: "While circumstantial evidence is legal evidence, yet to warrant a conviction on such evidence the facts proved must so thoroughly establish the guilt of the person accused as to exclude every reasonable hypothesis of his innocence. Although this court is committed to the doctrine that the jurors are the judges of the weight of the evidence in criminal cases, yet we will not hesitate to reverse a judgment of conviction resting upon circumstantial evidence that raises little more than a suspicion against the accused, and leaves a grave and serious doubt of his guilt. *People* v. *Burgard,* 377 Ill. 322; *People* v. *Christocakos,* 357 Ill. 599."

Applying this test, we cannot say as a matter of law that the evidence here is insufficient to support the conviction of the defendant. There is nothing in the record that reflects unfavorably upon the credibility of the two officers who testified. If the jury believed their testimony, there is no room for a reasonable doubt that the defendant is guilty.

*Judgment affirmed.*

The defendant, in his petition for rehearing, has asked us to pass upon an assignment of error not previously considered in the opinion, namely—was it prejudicial error for the police officer to elicit from defendant an admission that he was a user of narcotics?

The transcript shows the following from the officer's testimony: "I questioned him as to the use of narcotics

and he said, yes, he had had some." Defendant's attorney, objecting on the ground that it was immaterial, refused to discuss out of the presence of the jury the basis for his objection. Then the officer, answering an inquiry as to his conversation with defendant, testified: "Well, the package that hit the ground. I showed him what it was and he said it wasn't his." The transcript continues: "Q. Who said that? A. Charles Richardson. Q. After he said that, what was said? A. And then I questioned him did he use narcotics, and he said 'Yes.' He said, 'I just had a shot today.' " There was no objection to this testimony nor was there a motion made to strike the same. The officer had found a package of narcotics near Richardson and in the direction he appeared to have thrown something. A pertinent inquiry for the officer to make under the circumstances was whether Richardson was a user of narcotics. He unhesitatingly said he was. This was an incriminating admission, which may be made without any intention of confessing guilt.

An admission is a statement made by an accused of a fact pertinent to the issue and tending, in connection with proof of other facts, to prove his guilt. *People* v. *Hobbs,* 400 Ill. 150.

In *People* v. *Griswold,* 405 Ill. 533, 541, a policeman had testified to a conversation with defendant involving incriminating admissions. The court said: "* * * when an accused makes statements or declarations before or after the commission of the crime, and they do not amount to a confession, such, when taken in connection with other evidence of surrounding circumstances, allow an inference of guilt, and as a consequence, are admissible in evidence * * *."

Assuming the question to have been properly preserved for review, we are of the opinion that the trial court acted properly in overruling defendant's objection that the foregoing testimony was immaterial.