People of the State of Illinois, Plaintiff-Appellee, v. Robert Johnson, Defendant-Appellant.

**Gen. No. 50,226.**

First District, Second Division.
June 15, 1965.

 

Neal Mermall, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from a judgment entered April 11, 1960, in the Criminal Court of Cook County, Illinois, on a jury verdict finding the appellant, Robert Johnson, guilty of the crime of murder. The appellant was 15 years old at that time. He was indicted with two other boys, Andrew Eddings, age 18, and Alfonso Reid, age 15. Subsequent to the indictment, Eddings pleaded guilty to the charge. Johnson and Reid were tried jointly and both were found guilty. This appeal has been brought on behalf of Johnson only.

The facts of this case are not disputed. On December 12, 1959, the three boys had gone together to the South Chicago Community Center. When they arrived at the building they found it to be closed. They left the building and about noon were at the 9100 block of South Buffalo Avenue in Chicago. In that block the sidewalk is elevated on concrete piers and rises about six feet above the ground. There are no buildings along that block on either side, and the land below the sidewalk is covered with debris and weeds.

As the three boys came upon that site, they saw Walter Ignasewski, age 76, walking on the elevated sidewalk. None of the boys had ever seen this man before. The testimony was undisputed that Eddings, the oldest of the group, told the appellant to push the old man off the sidewalk to the ground below so that

they could rob him. The appellant refused. Eddings then told Reid to push the man off the sidewalk; this Reid did. Eddings and Johnson then went to the man lying on the ground and Ignasewski was searched to see if he had any money.

In a statement made to the police and read to the jury at the trial, the appellant said, "After the guy fell me and Andrew went there and searched the guy. We went there and the old guy was searched. Alfonso searched the guy, then we went home." In a statement made earlier that same day and also read to the jury the appellant stated, "Eddings and I then ran to the man lying in the prairie and Eddings searched the man. I went back to where Reid was standing and told him that the old man was hurt and then went back to the place where the man was lying and told Eddings to pick him up."

The appellant, taking the stand on his behalf, testified, "Then Eddings went down there first and searched the man, then I went behind him to see was the man hurt. So I left and came back." Reid corroborated the testimony of the appellant to the extent he came back to tell him that the old man was hurt. Reid did not see what occurred on the ground below the sidewalk and could not say whether Johnson helped search the man or not.

The testimony is again undisputed that the boys did not find any money on their victim and left him lying on the ground. Reid and Johnson went to Johnson's home where they watched television. There was testimony that the appellant, Johnson, and Reid wanted to go back and help Ignasewski and that Eddings "would not let them." There is no testimony that he used or threatened physical violence to them at this time.

The appellant told the police that later that day he walked by the place where the old man had been

321

pushed off to see if he was still there. He said that at that time the man was gone. Walter Ignasewski had been found lying on the ground below the elevated sidewalk and was taken to the South Chicago Community Hospital where he died the next day of internal injuries.

The theory of the appellant is that there was insufficient evidence to sustain his conviction. It is claimed that the appellant did not actually perform any act toward the accomplishment of the robbery of Walter Ignasewski and that the People did not prove that he was an accomplice so as to convict him as principal under the felony murder rule. The appellant points out that he refused to push the deceased off the sidewalk and says he did not aid in a search of the man after his fall. He admits that he went with Eddings to where the man was lying on the ground, but says he went there to see if he was injured. Johnson admits that he stood by and watched a crime committed, but argues that at no time did he aid, abet or assist in its perpetration and cannot, therefore, be considered an accomplice.

The question before us is whether the facts in the record are enough to sustain the appellant's conviction of murder as an accomplice in the crime that led to the death of Walter Ignasewski. The appellant in his brief cites 20 cases from the Illinois Supreme Court and articles from American Jurisprudence and Corpus Juris Secundum in support of the proposition that mere presence at the scene of the crime is not sufficient to constitute one a principal, unless there is conduct showing a design on his part to aid and abet or assist in its perpetration. Such is the law of this State, but a statement of the rule does not answer the question before this court, to wit: was there evidence from which a jury could reasonably conclude

that Robert Johnson did aid and abet or assist in the perpetration of this crime.

■ As the People point out in their brief, one may be convicted as having aided and abetted without actively participating in the overt act of the crime.

"In People v. Smith, 391 Ill 172, we held that an innocent spectator is not criminally responsible because he happens to see another person commit a crime, but if the proof shows that a person is present at the commission of a crime without disapproving or opposing it, it is competent for the jury to consider this conduct in connection with other circumstances and thereby reach the conclusion that he assented to the commission of the crime, lent to it his countenance and approval and was thereby aiding and abetting the same. In the absence of explanation, such conduct is not consistent with that of an innocent person similarly situated, and is sufficient to support an inference that a common understanding or design existed." People v. Kolep, 29 Ill2d 116, 120, 193 NE2d 753, 755 (1963). See also People v. Clark, 30 Ill2d 67, 195 NE2d 157 (1963).

The case of People v. Thickstein, 14 Ill2d 132, 150 NE2d 813 (1958) dealt with a conviction of robbery where the appellant claimed there was no direct evidence in the record that he did any affirmative act in connection with the crime or joined in a common design to commit it. The Supreme Court said,

"While mere presence or negative acquiescence is not enough to constitute a person a principal, circumstances may show there is a common design to do an unlawful act to which all assent. In such cases it is not necessary that each one shall take

323

an active part in the commission of the crime. Whatever is done in furtherance of the design is the act of all, and each is guilty of the crime. (Citations omitted.)

"In a criminal prosecution the factual issues are for the jury to determine, and this court will not disturb its finding unless the proof does not meet the requirements of law. From the facts and circumstances in this record, the jury could reasonably find that plaintiff in error knew the robbery was to be committed, that he participated therein, and that he is guilty as a principal."

■ We also note that the Supreme Court considered as evidence tending to prove guilt the fact that the appellant in that case left the victim unconscious in a ditch and made no effort to call the authorities. So in the case at bar. This appellant was present when the plan to rob Walter Ignasewski was formulated; he did not flee the scene before the act was done, he left the man in an obviously injured condition on the ground where he fell and he made no effort to call the authorities. Whether he went to the man to help search him or to find out if he was hurt was for the jury to determine. We feel there was adequate evidence from which the jury could have determined that Robert Johnson was aiding and abetting in the commission of the robbery. His conduct was not consistent with that of an innocent person and the jury's verdict is not contrary to the weight of the evidence necessary to sustain a criminal conviction.

■ The appellant also claims that error was committed in the Court's permitting the prosecutor to characterize the boys as a "mob," "unit" or "team." There was evidence to support the People's theory that the boys were acting in consort, and it was not

error for the prosecution to describe the defendants in such a manner. People v. Smith, 24 Ill2d 198, 181 NE2d 77 (1962).

We hold, therefore, that the evidence sustained the jury's finding of guilty and that no reversible error was committed in the course of the trial. The judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.