**People of the State of Illinois, Plaintiff-Appellee, v. Joseph P. Viti, Defendant-Appellant.**

Gen. No. 49,957.

First District, First Division.

January 31, 1966.

Muller Davis, of Chicago (Raymond, Mayer, Jenner & Block, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Edward J. Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant was found guilty by a jury of unlawful possession of a narcotic drug. He seeks reversal on the grounds that (1) the indictment did not state the time and place of the alleged offense as definitely as could be done in accordance with the requirements of Ill Rev Stats 1963, c 38 § 111–3 (then in effect and applicable), and (2) the state failed to prove beyond a reasonable doubt that he had possession of a narcotic drug.

■ Defendant's first contention may be disposed of summarily. The Supreme Court has held that where the indictment, as in the instant case, sets forth the date and county when and where the alleged offense occurred, such indictment is valid and sufficient to support a judgment of guilty where the indictment has not been attacked until after conviction. People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965).

■ In taking up the second contention, it becomes necessary to review the evidence. The case for the

prosecution consisted of the testimony of police officers Clement Vaia and Louis Bassi. Vaia testified that on the day in question, at about 11 p. m., he, together with officer Bassi, his partner, was in charge of traffic control at the County Hospital directly across the street from the University Restaurant. He observed defendant enter the restaurant and walk to the counter. He and Bassi went into the restaurant to "keep an eye on this guy." After a short time, defendant left the counter and went into the washroom. Vaia followed defendant and walked up to the washbasin. He saw defendant in a partitioned area sitting on the floor next to the toilet bowl and then heard him flush the toilet. Vaia ran into the toilet area and observed a white card containing white powder on the left side of the toilet seat and a spoon at defendant's left foot. When he asked defendant "What are you doing here?" defendant answered "What does it look like." The officer picked up the card and white powder saying "Whose is this?" Defendant answered "It is mine." Officer Bassi came into the washroom in the meantime and, after helping defendant to his feet, they took him to the front part of the restaurant. Bassi searched him and found on his person a bottle of brown liquid and an eyedropper. Vaia returned to the washroom to make a further search and then came back to join defendant and Bassi. Defendant, after identifying himself, asked for a "pass" because his wife was in the hospital and he wanted to visit her.

Bassi testified he followed Vaia into the washroom and found him holding the white card with white powder and heard the flushing of the toilet and the conversation between his partner and the defendant. He saw defendant sitting on the floor and after being requested to stand up he was taken into the restaurant proper. Bassi searched and took from defendant's person the bottle of brown liquid and an eyedropper. Defendant

asked for a "pass" because of his sick wife in the hospital. The white powder was found to be heroin and the brown liquid to be paregoric.

Defendant testified in his own behalf. He said he had tried to visit his wife in the hospital and after several attempts was told the "whole ward was asleep." It was quite late, and he went back to the restaurant, had a cup of coffee at the counter and then went into the washroom. He entered the toilet enclosure, closed the door and "started to use the washroom." Officer Vaia came in, looked over the partition and said "What are you doing here?" Defendant answered "It's obvious what I am doing here. I'm using the washroom, what does it look like I'm doing?" Vaia accused him of being drunk and he denied it. The officer then took him to the front part of the restaurant where his partner Bassi was. He was questioned and then Vaia returned to the washroom. When Vaia came back he had "some white substance" on a card. Defendant denied that it belonged to him. He was then placed under arrest. He denied at the trial that he ever possessed the heroin.

Defendant insists that the testimony does not prove his possession of heroin beyond a reasonable doubt. In People v. Pigrenet, 26 Ill2d 224, 186 NE2d 306 (1962), the court said (p 227):

> [I]t is established in narcotics cases that although the element of knowledge is seldom susceptible of direct proof it may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of the narcotics at the place where they were found. (People v. Mack, 12 Ill2d 151.) Whether the defendant's testimony denying his possession of narcotics is believed depends upon the credibility of the witnesses and the weight to be given their testimony, which are both matters for

the jury, or the trial court where, as here, a jury has been waived. (People v. Richardson, 21 Ill2d 435; People v. Embry, 20 Ill2d 331.) The requirement that defendant's guilt be proved beyond a reasonable doubt does not mean that the court may disregard the inferences flowing from the evidence before it. People v. Nettles, 23 Ill2d 306.

In People v. Richardson, 21 Ill2d 435, 172 NE2d 801 (1961) two police officers cruising in their vehicle observed defendant and a companion near an alley. The officers drove around the block and into the alley. One alighted and overheard defendant inquire of his companion as to who the occupants of the car might be and when told they were police officers, the officer saw him make a motion which suggested to the officer that defendant was throwing something to the ground. The officer motioned to his partner to come nearer and retrieve the object that apparently had been thrown by the defendant. It was recovered a few feet from where defendant was standing and found to be a cigarette package with two small envelopes containing heroin. Defendant denied he had thrown away the package or had possessed the narcotics. The Supreme Court, in affirming the conviction, said on p 438:

> [W]e cannot say as a matter of law that the evidence here is insufficient to support the conviction of the defendant. There is nothing in the record that reflects unfavorably upon the credibility of the two officers who testified. If the jury believed their testimony, there is no room for a reasonable doubt that the defendant is guilty.

We believe that statement may well apply to the facts and circumstances in the instant case. The evidence of defendant's acts, conduct, and declarations as related by the officers, and accepted by the jury, are such that the

333

inference may fairly be drawn that he knew of and possessed the narcotics at the time and place in question. For these reasons the conviction is affirmed.

Affirmed.

MURPHY and BURMAN, JJ., concur.