**People of the State of Illinois, Plaintiff-Appellee, v. James Bracken (Impleaded), Defendant-Appellant.**

Gen. No. 50,167.

First District, Third Division.

February 10, 1966.

Clarence M. Dunagan and Emmet F. Byrne, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

James Bracken was indicted for murder, was found guilty by a jury and was sentenced to the penitentiary for a term of 25 years.

The defendant was indicted jointly with Roy McGovern, Eugene Avery, Donald Coglan, Phillip Kolep, LeRoy Buick and Dennis Doherty. Buick was not tried because he was found in a pretrial sanity hearing to be mentally incompetent, and Doherty was granted a separate trial. Bracken and the four remaining defendants were tried together but this appeal is by Bracken alone.

Bracken bases his appeal on the grounds that the trial court erred in denying him a separate trial and that there was no evidence sufficient to sustain his conviction.

On the night of June 21, 1960, McGovern and Roseann Beckman were in a tavern on the corner of 37th Street and Wallace Avenue in Chicago. Around two o'clock in the morning someone suggested going to another tavern. Mc-

Govern and Mrs. Beckman left the tavern in McGovern's car accompanied by Avery, Coglan and Kolep. Just before reaching the corner of 43rd and Parnell, McGovern passed a two-door Ford sedan driven by Buick and in which Doherty and Bracken were passengers. The Ford followed McGovern's car to 43rd and Parnell. When McGovern stopped his car at that corner, Mrs. Beckman got out and began walking down 43rd Place. One of the men in the Ford asked McGovern who the girl was, and McGovern replied that they could "have" her if they wanted her. Someone called out Bracken's name. Kolep, having recognized one of the men in the Ford, called to him and then entered the Ford. McGovern and Coglan followed Mrs. Beckman down the street. About 300 feet away from and in sight of the Ford, both men struck her and she fell, hitting her head on the sidewalk. The Ford then drove up. Mrs. Beckman was picked up and placed in the back seat. Buick, Doherty and Bracken were in the front seat of the Ford; McGovern, Avery, Coglan, Kolep and Mrs. Beckman were in the back seat. The Ford was driven a half block into an alley where McGovern had intercourse with Mrs. Beckman. Kolep then left. Coglan took Mrs. Beckman's rings. When someone said that Mrs. Beckman might be dead, McGovern, Avery and Coglan ran away. Buick, Doherty and Bracken took Mrs. Beckman to a desolate area near a railroad track and dumped her on the ground and fled. Her lifeless body was later found where it had been left. (For additional facts see: People v. Kolep, 29 Ill2d 116, 193 NE2d 753 (1963); People v. Doherty, 28 Ill2d 528, 193 NE2d 37 (1963) (conviction affirmed).

The defendant's first point is that the trial court erred in denying his motion for a separate trial. The defendant's petition for a severance set forth that Coglan had made written statements accusing Bracken of having sexual relations with Mrs. Beckman, that Bracken denied

having intercourse with her, and that Coglan's statements if admitted into evidence would conflict with Bracken's defense. The defendant stated further that since he was not with the other defendants at the tavern (having come into contact with them only after they had taken some measures in furtherance of the planned rape) it would be unfair to him to be tried with his co-defendants.

The general rule is that persons jointly indicted for the commission of a crime should be tried together, and whether a separate trial should be granted is largely within the sound judicial discretion of the trial court. People v. Wilson, 29 Ill2d 82, 193 NE2d 449 (1963), cert denied 377 US 955. The paramount inquiry is whether the defenses are of such an antagonistic nature that a severance is imperative to insure a fair trial. People v. Grilec, 2 Ill2d 538, 119 NE2d 232 (1954). It is incumbent upon a defendant moving for a separate trial to show how he would be prejudiced by a joint trial; if he fails to do so he cannot complain of the denial of his motion. People v. Lindsay, 412 Ill 472, 107 NE2d 614 (1952). Before the trial of this case the prosecuting attorney agreed that no statement made by a codefendant outside the presence of and implicating Bracken would be used against Bracken. This agreement was implemented by a conference of the trial court and the prosecuting and defense attorneys in which all references to Bracken were deleted from the written statements given to the law enforcement authorities by Bracken's codefendants. In the Lindsay case the Supreme Court stated:

"Ordinarily, confessions or admissions of a codefendant are not competent as against the defendant not making them, but are competent when properly restricted as against the defendant making the confession or admission; and where a motion for separate trial is made on the ground of confessions of others

470

implicating the defendant making the motion, a severance should be ordered unless the State's Attorney declares that the confessions or admissions will not be offered in evidence on the trial or unless there be eliminated from the confessions any reference to the complaining defendant. (People v. Fisher, 340 Ill 216.)"

In view of the arrangements made pertaining to the statements of the other defendants, Bracken's principal reason for a severance was obviated. Moreover, each time one of these expurgated statements was offered into evidence and each time a witness testified to a conversation with one of the codefendants, the trial court instructed the jury that the statement applied only to the defendant making it and not to any other person. Bracken's subordinate reason for a severance (that he would be prejudiced by evidence of the events prior to the time he joined the group) did not sustain his burden of showing a prejudicial conflict in defenses. In reality, Bracken's absence from the group when the first steps were taken toward the commission of the offense was advantageous to him since his defense was that he did not strike or ravish Mrs. Beckman and that he did not aid and abet the acts of violence committed upon her. The trial court was solicitous in protecting the defendant from any prejudice arising from the joint trial and did not abuse its discretion in denying him a severance.

The defendant's second point is that the evidence was insufficient to sustain his conviction. The defendant does not deny that Mrs. Beckman was ravished and killed, but he does deny that he struck or raped her and that he joined in any conversation or act relative to the crimes. The killing of a human being, even without intent to do so, constitutes the offense of murder if it occurs during the commission of an unlawful act which in its consequences naturally tends to destroy

471

life or if it occurs in the prosecution of a felonious intent. Ill Rev Stats c 38, par 363 (1959). A person who stands by and aids, abets or assists, or who not being present, aiding, abetting or assisting, has advised, encouraged, aided or abetted the perpetration of a crime is an accessory before the fact, and shall be considered as a principal and punished accordingly. Ill Rev Stats c 38, par 582 (1959). Mere presence or negative acquiescence in the commission of a crime is not enough to constitute one an accessory before the fact, People v. Shields, 6 Ill2d 200, 127 NE2d 440 (1955); but a person may aid or abet without actively participating in the overt act. People v. Brendeland, 10 Ill2d 469, 140 NE2d 708 (1957). Evidence that a defendant voluntarily attached himself to a group bent on illegal acts with knowledge of its design supports an inference that he shared the common purpose and will sustain his conviction as a principal for a crime committed by another in furtherance of the venture. People v. Rybka, 16 Ill2d 394, 158 NE2d 17 (1959). If the proof shows that a person is present at the commission of a crime without disapproving or opposing it, it is competent for the jury to consider this conduct in connection with other circumstances and thereby reach the conclusion that he assented to the commission of the crime, lent to it his approval, and was thereby aiding and abetting its commission. People v. Kolep, 29 Ill2d 116, 193 NE2d 753 (1963); People v. Valentine, 60 Ill App2d 339, 208 NE2d 595 (1965). Although the proof tending to show that one is an accessory before the fact generally would be of events occurring before the inflicting of the fatal blow, evidence of subsequent acts is nonetheless competent to prove participation in the criminal assault. People v. Cione, 293 Ill 321, 127 NE 646 (1920).

██ ██ The killing of Mrs. Beckman occurred in the prosecution of a felonious intent to rape her and constituted the offense of murder, and the evidence establishes

472

the defendant's guilt as an accessory before the fact. Bracken was in the front seat of the Ford when McGovern told its occupants that they could "have" Mrs. Beckman. Bracken was in a position to see Mrs. Beckman struck but made no attempt to protect her, made no protest, made no effort to call the police and did not leave the scene. Bracken remained seated in the front seat of the Ford with Buick and Doherty, while Mrs. Beckman and the four other defendants were crowded into the back seat. Since it was a two-door car he had to move to let them in. He remained in the car when it was driven to the alley and he remained in the car while the intercourse took place in the back seat. He did not object to the commission of this offense. When the other defendants fled he aided Buick and Doherty in taking the body of Mrs. Beckman from the alley to an unfrequented place and in removing her body from the car and in placing it on the ground. From his course of conduct before and after the offenses justifiable inferences could be drawn that Bracken had knowledge of the intent of his companions and that his continued presence was for the purpose of assisting and abetting them in the attack on Mrs. Beckman.

The evidence was sufficient to sustain the defendant's conviction and the jury's finding of guilty will not be disturbed. The judgment is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.