**People of the State of Illinois, Plaintiff-Appellee, v. Johnnie Littleton (Impleaded), Defendant-Appellant.**

**Gen. No. 53,004.**

First District, Third Division.

July 22, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael D. Stevenson, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The defendant, Johnnie Littleton, and Gene E. Reed, James Edwards, Johnnie L. Bailey were indicted for the offense of armed robbery. The defendant waived his

right to a jury trial, was found guilty of armed robbery and was sentenced to a term of two to five years in the Illinois State Penitentiary. He complains that he was not proven guilty of armed robbery beyond a reasonable doubt.

Edgar Creagh, a witness for the State, testified that in the early morning of September 10, 1966, he was gambling with about twenty-five other patrons in an apartment located at 6218 South Blackstone in Chicago. At approximately 2:00 a. m., he heard a shot and saw two men enter the apartment as one of the two said "this is a stickup." One man carried a carbine and the other carried a sawed-off shotgun. The witness emptied his pockets and was robbed of his watch, some personal items, and about $200. Creagh further testified that he also remembered seeing a third man but that he did not see the defendant, whom he knew, in the apartment that evening or morning.

Larry Johnson testified for the prosecution that he, too, was present in the gambling house when the robbery occurred. He stated that he did see the defendant in the apartment that evening. The defendant was standing near the door to the apartment while the robbery was taking place, and when the three robbers left, the defendant followed them out of the apartment. At no time did the witness see a weapon carried by the defendant.

Officer Thomas Kelly testified that acting upon information supplied by a woman in the area, he and Officer Eugene Davis drove to the scene and, as they arrived, he saw James Edwards and Gene Reed cross in front of the squad car. Moments later he saw John Bailey. Kelly pulled his revolver and ordered the men to stop. Kelly apprehended Bailey and took him to a parked car where Officer Davis had apprehended Reed and Edwards. Officer Kelly testified that he first saw the defendant sitting in the parked car behind the steering wheel. The car was owned by one Marcus Fuller alias James Edwards.

187

The witness saw his partner search all four men and observed him as he removed property from each man.

Officer Eugene Davis stated that as their patrol car arrived at the scene, he observed Reed, Edwards, and the defendant cross in front of the patrol car. Reed was carrying an automatic in one hand and a bottle of scotch in the other hand. The officer saw no weapon being carried by either Edwards or the defendant. He ran after the three men and apprehended them at the car owned by Edwards. The defendant had already entered the car when Davis reached it. The four men were searched and money and several watches were found on the person of the defendant.

The defendant testified on his own behalf and admitted that he was at the 6218 Blackstone address on the evening and morning in question. He was initially in the apartment from about 10:00 p. m. to 11:00 p. m. He then went to his barbershop where he cut one Lawrence White's hair. At approximately 2:00 a. m. he returned to the gambling house, and when he arrived he saw a man with a gun. He remained in the hallway until the robbers left. When he reached the street he saw that the police had two men up against a car, and when he crossed the street the police ordered him to get up against the car whereupon he was searched and arrested.

The defense offered the testimony of Lawrence White and Herman Holmes who basically corroborated the defendant's testimony as to his activities prior to returning to the apartment at the time of the robbery.

The trial court, as the trier of fact in the case at bar, was confronted with conflicting testimony. The State's witness Johnson stated that he had observed the defendant at the door of the apartment during the robbery and saw him leave behind the three robbers. The police officers testified that the defendant was arrested while he was inside the car owned by James Edwards. The accused denied having been in the car and stated that

he was picked from a group of people by Officer Davis and then made to stand with the other three men. The defendant did not testify to any watches having been removed from his person when he was searched.

In arguing that the evidence did not show that he was a party to the offense of armed robbery, the defendant stresses the fact that Edgar Creagh did not see him in the apartment, that no one saw the defendant with a weapon, and that there was no evidence that the watches seized from the defendant were the fruits of the robbery. He also emphasizes his own exculpatory testimony.

■■ Section 5-2(c) of the Criminal Code (Ill Rev Stats, c 38, § 5-2(c)) sets out the principles of accountability in criminal cases and reads in pertinent part:

> "A person is legally accountable for the conduct of another when:
>
> ". . .
>
> "(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

A person may aid or abet without actively participating in the overt act or acts and evidence that the accused attaches himself to a group bent on illegal acts with knowledge of its design supports an inference that he shared the common illegal purpose and will sustain his conviction as a principal for a crime committed by another in furtherance of the venture. (People v. Rybka, 16 Ill2d 394, 158 NE2d 17; People v. Bracken, 68 Ill App 2d 466, 216 NE2d 176.) The proposition is well established that mere presence at the scene of the crime is insufficient to constitute one a principal. But when there is evidence of conduct or other surrounding circumstances which show a design on the part of the accused to aid

189

and abet or assist in its perpetration, the accused can be held accountable for the actions of other members of the group. People v. Richardson, 32 Ill2d 472, 207 NE2d 478; People v. Johnson, 61 Ill App2d 319, 210 NE2d 344.

██ The testimony of the witness Johnson coupled with the testimony of the two arresting police officers amply supports the conclusion that the defendant was not an innocent bystander but rather aided and abetted in the armed robbery. The defendant refers in his brief to the "alibi" testimony of Herman Holmes and Lawrence White. We fail to understand how their testimony established an alibi defense since the defendant admitted being in the apartment building at the time of the robbery. Even though there was no evidence that the defendant was armed with a dangerous weapon, the record is replete with testimony that other participants were so armed. The unarmed defendant, being legally accountable for the conduct of his armed companions, was properly charged, tried, and convicted of the offense of armed robbery. (People v. Touhy, 31 Ill2d 236, 201 NE 2d 425.) The defendant's brief contains repeated reference to purported contradictions and inconsistencies among the prosecution's witnesses. The trial court had the opportunity to observe and hear these witnesses and to determine their credibility, and we see no reason to disturb the guilty finding. Therefore, the judgment of conviction is affirmed.

Judgment affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.