THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLEN SCHAFER HARRIS, JR., Defendant-Appellant.

(No. 12692;

Fourth District—December 24, 1975.

*Rehearing denied February 6, 1976.*

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jon C. Baxter, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On August 9, 1973, a two-count indictment was returned against defendant. Count I charged defendant with unlawful possession of cannabis in excess of 500 grams; Count II charged defendant with unlawful delivery of cannabis in excess of 500 grams. After a jury trial, defendant was convicted of Count I and received a sentence of 2 years' probation. On appeal, defendant contends that he was not proven guilty beyond a reasonable doubt.

The State's sole witness to the incident under consideration was Van Canann, a special agent with the Illinois Bureau of Investigation. On March 15, 1973, at approximately 12:10 p.m. he entered an apartment in Decatur, Illinois, occupied by one Steven Kull. Agent Canann purchased three small plastic bags containing marijuana from Steven Kull for $40. Canann then remained in the front room of the apartment while Kull walked back and forth to the kitchen window numerous times. On Kull's last trip to the window he said, "He is here." Kull went out the kitchen door toward the parking lot, and after a minute returned carrying a transparent plastic bag, inside of which was a 2-pound red-wrapped package. Kull told Canann to follow him to the bedroom to examine the package. Canann was left alone in the bedroom where he opened up one corner of the package and observed that it smelled and looked like marijuana.

Canann then walked back into the front room where Kull was sitting. Canann asked him the price of the package. Kull pointed over his shoulder toward the kitchen and said, "He is figuring it up now." Canann further testified:

"I observed Mr. Harris writing on a small piece of paper. He then walked past me back into the front room, whispered into Kull's ear something, and then Kull turned to me and said, 'That will be three hundred thirty-five dollars.' I said, almost thinking out loud as I scratched by head, 'Let's see, how much is that per pound?' And Mr. Harris answered, * * * 'It is a little less than one hundred seventy dollars a pound.' I then paid the money to Mr. Kull, and while I was doing that Mr. Harris said, 'Be careful when you break apart the brick because it has flower tops in there.' "

Canann stated that Steven Kull was the only individual he observed in physical possession of the cannabis, and that all money paid during the transaction was presented to and accepted by Steven Kull.

The State's theory of the case was that the evidence established defendant's guilt of possession of cannabis and delivery of cannabis in two ways: (1) Defendant personally committed the charged offenses; and (2) defendant was accountable under section 5—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 5—2(c)) for the actions of Steven Kull. The jury found defendant guilty of possession of cannabis in an amount in excess of 500 grams. On appeal the defendant contends that the evidence is insufficient to convict.

■■ The only evidence that defendant personally possessed the cannabis is circumstantial. The rule is that to support a conviction based on circumstantial evidence, the facts produced must not only be consistent with defendant's guilt, but they must also be inconsistent with any reasonable hypothesis of innocence. Such proof need not be beyond the possibility of a doubt (*People v. Branion,* 47 Ill.2d 70, 265 N.E.2d 1, *cert. denied,* 403 U.S. 907, 29 L.Ed.2d 683, 91 S.Ct. 2213), and may be inferred from the circumstances proved. (*People v. Huff,* 29 Ill.2d 315, 194 N.E.2d 230.) This rule does not contemplate that the trier of fact is required to search out a series of potential explanations compatible with innocence and elevate them to the status of a reasonable doubt, but a jury's verdict will be reversed on grounds of insufficient evidence where there is a reasonable and well founded doubt of guilt and the verdict is found to be palpably contrary to the weight of the evidence. *People v. Zuniga,* 53 Ill.2d 550, 293 N.E.2d 595.

■■ The State must establish two elements in order to obtain a conviction for unlawful possession of cannabis on a theory that defendant personally possessed the drug. The first is the knowledge of defendant of the presence of the cannabis. The second is the immediate and exclusive control. *People v. Nettles,* 23 Ill.2d 306, 178 N.E.2d 361; *People v. Howard,* 29 Ill.App.3d 387, 330 N.E.2d 262.

Knowledge of the location of narcotics, although an element, is not the equivalent of possession. (*People v. Jackson,* 23 Ill.2d 360, 178 N.E.2d 320.) Possession can be either actual or constructive, (*Howard*), and the rule that possession must be exclusive does not mean possession may not be joint. *People v. Embry,* 20 Ill.2d 331, 169 N.E.2d 767.

Although the evidence clearly indicates that defendant had knowledge of the cannabis, the record is devoid of any evidence proving defendant's possession of the cannabis, whether it be actual, constructive, or joint. The evidence demonstrates that defendant entered after the cannabis had arrived, computed some figures relating to the sale price, and was aware of the contents of the package in question. No evidence of actual, physical, or personal possession on defendant's part is present. Nor does the evidence support a finding of constructive possession—the intent and capability to maintain possession and control—on defendant's part. The State hypothesizes that the logical way for defendant to have known of the presence of the "flower tops" would be to have brought them into the apartment. The hypothesis is just as reasonable, however, that Kull told defendant of their presence. Canann was isolated in a bedroom at the time of defendant's arrival. Thus he had no way of knowing what, if any, knowledge of the transaction defendant may have received by way of conversing with Kull.

■■ The reasonable possibility of joint possession through a joint venture between Kull and defendant exists. The possibility is just as reasonable, however, that defendant's arrival and presence were unrelated to the transaction between Kull and Canann, and that defendant's actions and remarks were spontaneously volunteered after Kull told him of the pending sale. We therefore conclude that the record is insufficient to support a finding that the defendant personally possessed the cannabis.

On the other hand, the evidence clearly demonstrates that defendant aided and abetted Kull in the delivery of the cannabis to Canann. Section 5—2 of the Criminal Code states:

"A person is legally accountable for the conduct of another when:

＊　＊　＊

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense. ＊　＊　＊" Ill. Rev. Stat. 1973, ch. 38, par. 5—2.

■■ In *People v. Tillman,* 130 Ill.App.2d 743, 265 N.E.2d 904, this court set forth three propositions which must be proved beyond a reason-

able doubt in order to hold a defendant guilty on an accountability theory:

> "Under section 5—2(c) of the Criminal Code, the State must prove beyond a reasonable doubt three propositions: (1) That defendants solicited, aided, abetted, agreed or attempted to aid another person in planning or commission of the offenses; (2) that this participation must have taken place either before or during the commission of the offenses; and (3) that it must have been with the concurrent, specific intent to promote or facilitate the commission of the offenses." (130 Ill.App.2d 743, 749-50, 265 N.E.2d 904, 909.)

In *Tillman*, we noted the following language from *People v. Littleton*, 113 Ill.App.2d 185, 252 N.E.2d 77:

> "A person may aid or abet without actively participating in the overt act or acts and evidence that the accused attaches himself to a group bent on illegal acts with knowledge of its design supports an inference that he shared the common illegal purpose and will sustain his conviction as a principal for a crime committed by another in furtherance of the venture." 113 Ill.App.2d 185, 189, 252 N.E.2d 77, 79.

■■ Defendant's knowledge of the transaction is established by his reference to the "flower tops." The only reasonable inference from his other actions is that, at the very least, he aided and abetted the delivery with the specific intent to do so. The sale clearly was not to be consummated until defendant had completed the computation of the selling price of the package. Also, defendant facilitated the sale by estimating the per pound price for the parties.

Delivery is defined in section 3 of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, par. 703) as the "actual, constructive or attempted transfer of possession of cannabis  *  *  *." Delivery thus includes the element of possession. Because the record establishes defendant's accountability for the delivery of the cannabis, the record necessarily establishes defendant's guilt for the included offense of possession of cannabis.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.