THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN E. DAVISSON, Defendant-Appellant.

Fourth District No. 12919

Opinion filed February 11, 1976.

888

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant and his wife were arrested in the parking lot of the Brandt-ville restaurant in Bloomington, Illinois, June 3, 1973. Police officers Joyce and Kelley, who had been notified that there was a gun-carrying individual in the area made the arrest after Joyce noticed a bulge in the defendant's right rear pocket. Defendant and his wife were handcuffed and their car keys were taken by Joyce. Incident to the arrest, the defendant's wife's purse was searched and three packets of pills were taken from it by Kelley. Then, without the consent of defendant or his wife, their locked car was opened and searched by Joyce, and a container of pills was found in the vest pocket of a coat on the back seat of the car. There is some conflict in the evidence as to whose coat this was; Joyce described it as defendant's coat, but was not asked about the basis for his statement. The evidence at trial was that two of the four packets seized contained controlled substances.

Both defendant and his wife were indicted for unlawful use of weapons and possession of controlled substances; however, when defendant was ultimately brought to trial, on the controlled substances charge alone, his wife testified against him in exchange for transactional immunity in regard to the incidents leading up to their arrest. Defendant attempted unsuccessfully to have evidence of the pills found in the car suppressed as the fruit of an illegal search. On April 17, 1974, he was convicted of possession of a controlled substance. He was sentenced to a term of imprisonment of from 1½ to 5 years. He appeals. We affirm.

■■ Defendant's first contention is that he was not proved guilty beyond a reasonable doubt. Most of his argument on this point centers on his claim that he cannot be held to have been in constructive possession of the pills found in his wife's purse. While we note no Illinois cases specifically holding that an individual may be said to be in constructive possession of property in the actual possession of another, we find sufficient evidence in this case to support a jury's conclusion that this defendant had the intent and capability to maintain control and possession of the pills in his wife's purse. (*People v. Holt,* 28 Ill. 2d 30, 190 N.E.2d 797.) Illinois courts have specifically held that possession may be joint and still incur liability. In *People v. Embry,* 20 Ill. 2d 331, 169 N.E.2d 767, defendant pointed to evidence that his wife had had possession of the drugs and contended that they could not therefore have been in his "exclusive" possession. The court held that such a showing would not preclude a finding that defendant was also in possession of the drugs. Similarly, in *People v. Ciconte,* 102 Ill. App. 2d 1, 243 N.E.2d 407, the court concluded that a showing of joint possession did not absolve defendant of liability. In the instant case, there was testimony that defendant had forced his wife to carry the drugs. In our opinion, the evidence amply established defendant's intention and capability to maintain control or possession of the drugs, even while they were concealed in his wife's purse, and a finding of guilty on that basis would not be disturbed.

■■ Defendant also maintains that the evidence was insufficient to prove beyond a reasonable doubt that he possessed the pills found in the coat in the car and that these pills contained a controlled substance. Defendant's wife testified that defendant was wearing a coat and that she did not see any coat in the car. Officer Kelley, who did not search the car, made no mention of a coat being there. Officer Joyce, however, testified that he found a packet of pills in a coat in the car and without objection, described the coat as belonging to defendant. In a written report he had made shortly after the incident, he listed three of the packets of pills as having been found "in companion's purse" and one as having been found "in companion's coat vest pocket." In his testimony he stated

that he had meant to refer to the defendant's coat in describing where the single packet of pills had been found. Even if the coat had belonged to defendant's wife, however, the jury could have found, as with the pills in her purse, that the pills were constructively in defendant's possession. The evidence was sufficient to prove beyond a reasonable doubt that defendant possessed the pills stated to have been found in the coat.

■■ Officer Joyce identified People's Exhibit 1 as the packet he found in the coat in the car and stated that he identified it at that time by tying an overhand knot in it. He further testified that the three other packages were not tied. Joyce testified that he took the tied packet to the police station and gave it to Corporal Alexander. Kelley, on the other hand, testified that the packet was given by Joyce to him at the scene and that he gave it to Alexander at the station. Joyce's report purported to state that the evidence was delivered by Alexander to Joyce at the station but Joyce testified that he had inadvertently transposed the names. An unbroken chain of custody from the time the four exhibits were received by Alexander until trial was shown by the evidence. During this time the exhibits were tested at the Illinois Crime Laboratory and the parties stipulated that the person performing this test would testify that the pills in People's Exhibit 1 and those in one of the other packets contained controlled substances. At trial Joyce identified People's Exhibit 1 as the packet he took from the coat in the car and Kelley testified that it was not one of the packets taken from the purse. The evidence was sufficient for the jury to find beyond a reasonable doubt that the pills in the packet allegedly taken from the coat in the car contained controlled substances.

Defendant's second contention is that the trial court erred in not suppressing the packet of pills found in the car as the fruit of an unlawful search.

In *Carroll v. United States*, 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, the United States Supreme Court in upholding the validity of a warrantless search of an automobile stopped on the highway noted that because of the mobility of motor vehicles, a warrantless search, on probable cause was lawful under circumstances that would not justify the search of a building. In *Chambers v. Maroney*, 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975, police were given the description of a car used in a robbery and of the clothing worn by the robbers. Within an hour, the police spotted a car, traveling on a highway, meeting the description. Two of the four occupants wore clothing of the description attributed to the robbers. After arresting the occupants, the officers drove the car to a police station and then conducted a warrantless search. In upholding the validity of the search, the court noted that the fact that the car was not searched

until removed to the police station did not negate either the probable cause for the search or the circumstances making a warrant unnecessary. The court reasoned that even while the car was parked at the police station, the risk existed that it might be driven away or its contents removed while the police were obtaining a search warrant.

The warrantless search made in *Chambers* and that in the instant case differ only in that in *Chambers,* as in *Carroll,* the car was originally stopped on a highway. However, in *Chambers* as in the instant case, the search took place in an off-the-highway area. In determining whether the circumstances are such as to justify a warrantless search of a motor vehicle, the material circumstances are those existing at the time of the search and not those at some prior time when the vehicle may have been stopped. Here, the vehicle was in a restaurant parking lot. The officers had seen a revolver in plain sight on the seat of the car and had found packages of pills in the purse of one of the occupants of the car. Clearly the officers had probable cause to believe that other contraband would be likely to be in the car. Although the car was locked, the police had no assurance that if the car were left unattended, persons not in custody might not have access to the car and move the car or take contraband from it before a warrant could be obtained. In *Chambers* probable cause also existed at the time of search. Since in that case the car had been moved to the police station, the danger of it being moved or its contents being removed were certainly no greater than in the instant case.

■■ Dictum in *Cady v. Dombrowski,* 413 U.S. 433, 37 L. Ed. 2d 706, 93 S. Ct. 2523, suggests that when police wish to search a sequestered car, they should post a guard with the car, if feasible to do so, until a search warrant can be obtained. Such a procedure would have been easier to follow in *Chambers* where the car was parked at a police station than here where it was in a restaurant parking lot. Since we see no material difference between the circumstances surrounding the warrantless searches in *Chambers* and the instant case, we rule that the search here was also valid.

■■ Finally, defendant maintains that it was error to admit into evidence, over his objection, the four packets of pills seized because the foundation proof was insufficient to show that they had not been intermingled while in police custody prior to testing. Since three of the four packets came from the wife's purse and two of the four packets contained controlled substances, at least one of the packets in her purse must have contained a controlled substance. We are satisfied under the evidence discussed earlier in the opinion that "in all reasonable probability," People's Exhibit 1 was not commingled with the other exhibits. The foun-

dation for the admission of the four exhibits was properly established. *People v. Marquis,* 24 Ill. App. 3d 653, 662, 321 N.E.2d 480, 487.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.