THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD McCARTY, Defendant-Appellant.

Fourth District   No. 13283

Opinion filed August 26, 1976.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (Mike McElvain, of counsel), for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

After a bench trial, defendant, Harold McCarty, was convicted of theft of a Skil Saw, valued at less than $150, from a bridge construction site at Funks Grove, Illinois. Defendant was sentenced to 6 months' probation. He appeals.

At trial, the State presented three witnesses. Russell Shadday testified that the saw was owned by a contractor at the construction site. On August 21, 1974, the saw had been signed out to him. He was working on a

wall about 22 feet above the ground where the saw was lying. At about 4 p.m. he saw defendant put the saw into the back of a car. Shadday said nothing to defendant, but observed him as he drove out of sight around "a little island" and then back up into the job site, where defendant parked his car about 40 feet from the construction office. Shadday said this was the normal route for a car to follow to the office. According to Shadday, the saw was in view in the back seat of the car, though partially covered. Bill Hyde, Shadday's foreman, did not see defendant take the saw, but was alerted to the incident when Shadday came running and yelling, "Catch that guy, he's got the saw." Hyde related the incident to Dennis Schrock, who called the sheriff. Hyde told defendant to put the saw back. Defendant answered, "I will." Hyde testified that defendant's car was parked with about a dozen other cars in a facility for employees and that the saw was in plain view, though partially covered, "but not particularly like he was trying to hide it." Dennis Schrock, the job superintendent, testified that he saw the saw in the back seat of the car partially in plain view. He checked the serial number and determined that the saw belonged to a contractor. Schrock confirmed that defendant had taken the most direct route by car to get from the north end of the bridge to the parking lot at the south end.

Defendant testified that he was an ironworker foreman working on the site for a subcontractor. He sent his three men to pour concrete at the south end of the project, which was about 150 feet from their position at that time. He did not see anyone around so he picked up the saw and put it in the back of his car where he kept "lots of clothes, work pants, about everything a construction worker carries in the back seat of his car." He denied covering up the saw and said that it was in plain sight. He testified that he drove around to the parking lot and parked between the office and the place he had sent his men to pour concrete. After parking the car, he walked toward his men. He said that Hyde and Shadday approached him and asked him if he had the saw; he responded, "Yes, I am going to put it back." By "back" he meant back in the office. Defendant testified that he had intended to put the saw in the office after he had checked with his men. He proceeded to the point at which his men were working, then went to his car, took out the saw, and put it back where he found it. He then left, about 15 minutes before quitting time. Defendant maintained from the outset, "I was not stealing the saw, I was taking it back to the office."

Defendant appeals, contending that he was not proven guilty beyond a reasonable doubt. We agree. The record demonstrates that near quitting time defendant picked up a saw which was lying on the ground. No one to whom authorized possession of the saw could be attributed was in defendant's sight. At that time, the worker to whom the saw had been

assigned was watching defendant from the top of the bridge, but said nothing to him. Even the prosecution witnesses seem to agree that no attempt was made to conceal the saw. He drove his car by the most direct route to the parking lot used when going to the construction site office. Upon confrontation concerning possession of the saw, defendant acknowledged that he had it; he then proceeded about his business to the area in which his workers were pouring concrete; he there supervised their activities, after which he replaced the saw.

While it is true that the inferences to be drawn from the evidence are within the province of the trier of fact (*People v. Dunham* (1973), 13 Ill. App. 3d 784, 300 N.E.2d 328), a reviewing court may not accept such inferences where a reasonable doubt lingers as to the guilt of the defendant. Upon the facts of this case, we entertain such a doubt. Accordingly, the judgment of the circuit court of McLean County is reversed.

Subsequent to the trial, defendant underwent a polygraph examination and seeks consideration here of the favorable results. The State, in its brief, states that it has no objection to this court considering the polygraph results. In view of our disposition of the case on the trial record before us, however, we deem further discussion of such test unnecessary.

Reversed.

TRAPP, P. J., and GREEN, J., concur.