THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL F. LAWRENCE, Defendant-Appellant.

Fourth District   No. 13571

Opinion filed March 10, 1977.

Alan L. Sternberg, of Yoder, Yoder, Luedtke & Hartweg, of Bloomington, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

In a bench trial, the defendant, Daniel F. Lawrence, was found guilty of unlawful possession of more than 30 grams but less than 500 grams of cannabis, a Class 4 felony, in violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(d)). Defendant was sentenced to 2 years probation and 45 days imprisonment in the county jail. The only question raised on appeal is whether the defendant was found guilty beyond a reasonable doubt.

Shortly after 10 p.m., on October 24, 1974, E. J. Farrell, a patrolman for the Bloomington Police Department, was patrolling a downtown alley on foot. While walking south he observed three persons·approximately 30 feet away in the immediate vicinity of an air conditioning outlet on the east side of the alley. The three were illuminated by street lights in the

alley and lights from nearby buildings. The defendant was sitting on the outlet facing the officer. Another person, Dirk Stauffer, was standing next to him, between the defendant and the officer. The third person, Steven Scott, was standing three to four feet away, leaning against a utility pole. As he approached the trio, while still in the shadows, the officer observed defendant holding up a plastic bag containing a green leafy substance. Defendant, when he spotted the officer approximately 10 feet away, jumped off the outlet and simultaneously threw the bag into the alley behind him. The defendant then ran south, away from the officer. The other two also moved away, Stauffer going south at a slower speed than defendant, and Scott going behind the pole that he had been leaning on. As Officer Farrell gave chase to defendant, he did not see exactly where the thrown bag landed. While the officer was in pursuit of defendant, both Stauffer and Scott were behind him, Stauffer for a few seconds, Scott for 10 to 15 seconds. Officer Farrell could not testify to their activity during this time as his concentration was on the defendant. After apprehending the trio Officer Farrell made a search of the area and found one bag containing cannabis off to the left of the outlet on the ground approximately 6 feet away, in the place where the officer thought the thrown bag would be. He also found two bags containing cannabis on top of the duct. Officer Farrell testified that although he had not seen the two bags prior to this time, they were located immediately next to where defendant's right leg was when the defendant was sitting on the unit. The officer, however, did not know how long they had been there or who had placed them there. No fingerprints were ever taken from any of the bags and the officer was not sure that the bag in court was the same bag held by the defendant.

A subsequent search of defendant at the police station uncovered four packets of cannabis in defendant's pockets. Only the defendant was charged with drug possession.

According to scientific analysis, the four packets found in defendant's possession contained a total of 3.6 grams of cannabis. The bag found on the alley floor contained 21.5 grams of cannabis. The two bags found on the air conditioner outlet contained a total of 37.1 grams of cannabis.

■■ "[An appellate court] will not overturn a conviction for possession unless the evidence is 'so unreasonable, improbable or unsatisfactory, as to create a reasonable doubt of guilt.' (*People v. Galloway* (1963), 28 Ill. 2d 355, 358, 192 N.E.2d 370, 372.)" (*People v. Fabing* (1976), 42 Ill. App. 3d 379, 383, 355 N.E.2d 719, 723.) In order to obtain a conviction for unlawful possession of cannabis on a theory that defendant personally possessed the drug, the State must establish that the defendant knew of the presence of the cannabis and that the defendant had immediate and exclusive control of it. (*People v. Nettles* (1961), 23 Ill. 2d 306, 178 N.E.2d

361, *cert. denied,* 369 U.S. 853, 8 L. Ed. 2d 12, 82 S. Ct. 939; *People v. Harris* (1975), 34 Ill. App. 3d 906, 340 N.E.2d 327.) Clearly the defendant was proved to have the requisite possession and control necessary for conviction in possessing the four packets found on his person.

■■ The trial court found that the defendant illegally possessed and controlled the bag of cannabis found in the alley. We agree. Officer Farrell viewed defendant holding a clear bag containing a cannabis-like substance. He saw defendant throw it down. A bag similar to the one viewed by the officer was found in the same approximate location as where the bag had been thrown. Although Officer Farrell failed to keep a constant view of the bag, the trial court was justified under these circumstances in believing the officer and in making the reasonable inference that defendant had immediate and exclusive personal possession and control of the contraband. *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280; *People v. Richardson* (1961), 21 Ill. 2d 435, 172 N.E.2d 801; *People v. Curry* (1976), 37 Ill. App. 3d 72, 345 N.E.2d 176.

The two bags found on top of the air-conditioning duct, however, were never shown to be in defendant's actual immediate, exclusive possession or control. The only evidence of defendant's possession of the two bags is circumstantial. In *Harris* this court held:

> "The rule is that to support a conviction based on circumstantial evidence, the facts produced must not only be consistent with defendant's guilt, but they must also be inconsistent with any reasonable hypothesis of innocence. Such proof need not be beyond the possibility of a doubt (*People v. Branion,* 47 Ill. 2d 70, 265 N.E.2d 1, *cert. denied,* 403 U.S. 907, 29 L. Ed. 2d 683, 91 S. Ct. 2213), and may be inferred from the circumstances proved. (*People v. Huff,* 29 Ill. 2d 315, 194 N.E.2d 230.) This rule does not contemplate that the trier of fact is required to search out a series of potential explanations compatible with innocence and elevate them to the status of a reasonable doubt, but a jury's verdict will be reversed on grounds of insufficient evidence where there is a reasonable and well founded doubt of guilt and the verdict is found to be palpably contrary to the weight of the evidence. *People v. Zuniga,* 53 Ill. 2d 550, 293 N.E.2d 595." *People v. Harris,* 34 Ill. App. 3d 906, 908, 340 N.E.2d 327, 329; *cf. People v. Uselding* (1976), 39 Ill. App. 3d 677, 350 N.E.2d 283.

■■■ Knowledge of the location of narcotics is not the equivalent of possession. The possession of contraband can either be actual or constructive, and the rule that possession must be exclusive does not mean that possession may not be joint. (*Harris.*) The evidence here is not convincing that defendant had knowledge of the two bags or actual, constructive, or joint possession of them. The bags were found on the air-

conditioning outlet after defendant had left and both Stauffer and Scott had a later unviewed access to that location. The record does not implicate either of them. No evidence of actual, physical or personal possession on defendant's part is present. Nor does the evidence support a finding that defendant had constructive possession of the drugs because no showing was made that defendant had the intent and capability to maintain possession and control over them. (See *People v. Davisson* (1976), 35 Ill. App. 3d 887, 342 N.E.2d 456; *Harris.*) The reasonable possibility of joint possession between defendant, Scott and Stauffer does exist. The possibility that defendant never knew of the two bags and that they were placed there by either Stauffer or Scott, however, is just as reasonable a possibility, especially in light of defendant's effort to get rid of the cannabis in the plastic bag. We, therefore, conclude that the record is insufficient to support the finding that the defendant personally possessed the two bags of cannabis found on the air conditioning outlet. See *People v. McCarty* (1976), 41 Ill. App. 3d 213, 354 N.E.2d 74.

The effect of our finding is to change the degree of the offense, from possession of more than 30 but less than 500 grams of cannabis, to possession of more than 10 but less than 30 grams. The latter is a Class A misdemeanor which carries a different penalty than the former, a Class 4 felony. (See sections 4(c) and (d) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, pars. 704(c), (d)).) Consequently, we reverse the defendant's conviction of the Class 4 felony and find defendant guilty of a Class A misdemeanor.

We, accordingly, remand this case to the trial court for sentencing for the lesser offense.

Affirmed in part, reversed in part, remanded with directions.

CRAVEN, P. J., and TRAPP, J., concur.