The People of the State of Illinois, Plaintiff-Appellee, v. Joseph S. Maleck, Defendant-Appellant.

Gen. No. 10,817.

Fourth District.

June 26, 1967.

 

James L. Anderson, De Pew, Grimes & De Pew, of Bloomington, for appellant.

Hugh A. Henry, Jr., State's Attorney of McLean County, of Bloomington, for appellee.

CRAVEN, P. J.

Defendant appeals from conviction of the offenses of attempted burglary and possession of burglar's tools entered upon verdicts of guilty returned by a jury. The defendant contends that the People failed to prove a material allegation of the indictment—the ownership of the building at which the offenses took place. Further, the defendant urges the trial court erred in allowing the admission of illegally seized evidence and raises questions of the competency of his court-appointed counsel, the public defender of McLean County.

The evidence was that there were pry marks at a door to the building occupied as a bowling alley known as Circle Lanes and expert testimony established that the marks were made by tools in possession of the defendant. Further testimony showed that the building in question was located at the northeast corner of the intersection of Routes 9 and 66 in the city of Bloomington, and that there was only one building used as a bowling alley in this vicinity. The president of Bloomington Nor-

mal Bowling Lanes Corporation testified that the corporation is commonly known as "Circle Lanes" and conducts business at the northeast corner of the intersection previously described.

The evidence established that the arrest was made on August 21, 1965, in the early morning hours when the defendant was found in his car in the parking lot of the Holiday Inn Motel which was located on property adjacent to the bowling alley. He was similar in description to one of two men who had been seen near the entrance of the bowling alley just a short time before. The arresting officers had observed pry marks on the door in the southeast corner of the bowling alley upon their arrival. They then left the area of the pry marks and walked toward the car in which they saw the defendant's head bobbing up. The defendant stated he had been sleeping in his car, but the officers observed he was breathing hard and sweating. In his possession were two large screwdrivers located in the back seat of the automobile, apparently in plain view.

The defendant was incarcerated from September 3, 1965, until the trial began on the 11th day of May, 1966. The time of incarceration was in excess of the 120-day provision found in par 103–5 of chapter 38, Ill Rev Stats 1965. No motion was made raising this possible issue. A transcript of the grand jury proceedings was not requested by counsel for the defendant, and he now asserts that he was thereby in a less favorable position to impeach the People's witnesses than he would otherwise have been. These contentions are made in connection with an allegation of incompetency of court-appointed counsel.

In our view of this record, these contentions of the defendant are without merit.

 The ownership of the building seems to us to have been clearly established, and in any event its own-

ership was shown to be adverse to that of the defendant, and therefore the tests set forth by the statute defining the offense of burglary and in People v. McGuire, 35 Ill 2d 219, 220 NE2d 447 (1966), have been met. The arrest without a warrant appeared reasonable under the circumstances and the discovery of the burglary tools by the police officers under these circumstances does not, in our opinion, amount to an unreasonable search or seizure. People v. McCracken, 30 Ill2d 425, 197 NE2d 35 (1964). People v. Jones, 31 Ill2d 240, 201 NE2d 402 (1964). The arguments raised regarding competency of the defendant's counsel have no legal basis since the record shows that the defendant received, at his request, continuances on November 12, 1965, and February 11, March 8, and April 6, 1966, whereby the 120-day requirement was waived. Further, there is no showing of the nature or extent of the possible impeachment which might or could have resulted from an examination of the grand jury proceedings had the trial court allowed counsel to have access to them. In order to sustain an assertion that counsel was incompetent, the defendant is required to show substantial prejudice to him by reason of that incompetency. People v. Gray, 33 Ill2d 349, 211 NE2d 369 (1965). People v. Clay, 32 Ill2d 608, 210 NE 2d 221 (1965). We do not find substantial prejudice to be established by this record.

The judgment of the circuit court of McLean County is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.