THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD JORDAN, Defendant-Appellant.

(No. 54906;

First District—December 7, 1971.

62

Gerald W. Getty, Public Defender, of Chicago, (Edward J. Downs and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant was tried by the court, found guilty of burglary and sentenced to serve two to three years in the State Penitentiary. A codefendant Austin Timms had pleaded guilty and at the time of the trial of Jordan, Timms testified that Jordan was not involved in the burglary. The facts follow.

On July 7, 1969, at about 4:55 P.M. the house at 8443 South Loomis Street in Chicago was burglarized. Catherine Switzer who lived in the house immediately to the south of the burglarized premises testified that she saw defendant walking in front of both houses for about three minutes. When she noticed him walk toward the front door of the burglarized house, she looked inside that house through her windows and saw moving figures. At that time the police had been summoned by another neighbor and Miss Switzer went out to the front sidewalk and observed defendant and Timms leaving the burglarized house. As the men proceeded north on Loomis Street, the police arrived and defendant ran to the right through a private yard. The first squad car proceeded north on Loomis Street, caught up with Timms and arrested him. Miss Switzer gave a description of Jordan to officers in a second squad car who broadcast it over the police radio. Officer Uchman traveling with another police car heard the call and proceeded to the alley behind 8443 Loomis Street, where he met one George Zieman, who lived one door north. Zieman had seen a man run east from a yard and toward Racine Avenue, a street which is east of Loomis Street. On his way to Racine Avenue Officer Uchman observed Jordan, the defendant, running along Throop Street,

which is between Loomis Street and Racine Avenue. Jordan was arrested while carrying a shopping bag and was brought back to 8443 Loomis Street, where Miss Switzer identified him as the man she had seen in her neighbor's house. At the trial she again identified him. On appeal defendant contends that the identification procedures employed violated due process and the right to counsel and that the crime of burglary was not proved beyond a reasonable doubt.

■■ The first contention is that there was no evidence linking the defendant to the crime. The finding of the trial court was based on the eyewitness testimony of Miss Switzer. She had ample opportunity to observe the defendant immediately before and after the crime was committed. She testified that she first observed him walking back and forth in front of her house for about three minutes. Next from the sidewalk she observed him leaving the burglarized house and saw his back as he proceeded north on Loomis Street. Finally she identified him after he was returned to the scene some twenty minutes later when he was shown with police officers standing on both sides of him. Defendant contends that this identification was highly suggestive and denied him due process of law. We proceed to consider the alleged error.

The facts show that Miss Switzer had adequate opportunity prior to defendant's being taken into custody to form an independent basis for the identification. The identification took place with a minimum of interference with defendant's freedom and in effect constituted a prompt on the scene confrontation. Only a short period of time elapsed between the act and the identification. Moreover the exclusionary rule does not extend to pre-indictment confrontations. *People v. Palmer*, 41 Ill.2d 571, 244 N.E.2d 173; *People v. Ceyers*, 44 Ill.2d 180, 255 N.E.2d 1; *People v. Martin*, 47 Ill.2d 331, 265 N.E.2d 685.

■■ Defendant also contends that the State failed to prove the crime of burglary beyond a reasonable doubt in that it failed to establish ownership of the house and failed to show unauthorized entry. The contention is without merit. The State need not prove technical legal ownership, but only that defendant's entry was unauthorized by the one in possession. *People v. Callahan*, 324 Ill. 101, 154 N.E. 463; *People v. Maleck*, 83 Ill. App.2d 380, 227 N.E.2d 770.

■■ In the instant case possession was proved beyond a reasonable doubt to be adverse to defendant since he was not given permission to enter the house. Mrs. Grace Thompson, a neighbor of the owner, had custodial responsibility for the house which had been vested in her by the owner Louretta Fredericks, who was in a nursing home in South Carolina. Mrs. Fredericks had given Mrs. Thompson the key. Mrs. Thompson testified

that defendant was not authorized to enter the building and her testimony was uncontroverted. The rightful ownership and the possession of the burglarized premises were established in another person and defendant's entry was unlawful beyond a reasonable doubt. Accordingly the judgment is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.