THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOBBY STREET, Defendant-Appellant.

(No. 11671;

Fourth District—May 9, 1973.

*Rehearing denied June 11, 1973.*

Callis & Filcoff, of Granite City, for appellant.

Thomas P. Carmody, State's Attorney, of Carlinville, (Joseph P. Koval, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

In a bench trial, defendant was found guilty of two counts of theft of over $150 and one count of burglary. He was sentenced to not less than 1 nor more than 3 years on each count to run concurrently. On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt and that the presumption of guilt arising from the unexplained possession of recently stolen property is in violation of his fifth amendment rights as applied under the fourteenth amendment of the United States Constitution.

The offenses arose out of the theft from and burglary of a hardware store and the theft of copper wire from a telephone company. Defendant was arrested with two companions, Cook and Dunham, in his camper truck in which the stolen articles were found. Cook plead guilty, assuming full responsibility for the offenses. Dunham was tried and convicted with defendant.

■■ Prior to the occurrence of the offenses of which defendant was convicted, witnesses saw Cook and Dunham prying open the door of a jewelry store and fleeing in defendant's truck. A third man was said to have been in the truck but no one was able to identify him as defendant. Defendant's involvement in the burglary and theft was explained by Cook, who testified that he drove Street's truck while defendant was "passed out" and sleeping. Cook testified that defendant had been drinking all day and did not wake up until sometime following the last offense. At that time, defendant demanded control of the truck. He was stopped shortly afterward by the police. The police officers involved in the arrest and questioning of defendant stated that defendant appeared sober. The evidence against defendant is circumstantial in nature consisting of his presence in the truck with the two men and the location of the stolen goods in the truck.

A review of the record leads us to the conclusion that the question was one of credibility of witnesses—an issue for the trier of fact. The evidence was sufficient to convict beyond a reasonable doubt. A further discussion of the evidence and issues involved would have no precedential value. Therefore, pursuant to Rule 23, we reject defendant's contention that the evidence was insufficient, and the judgment of the circuit court of Macoupin County is affirmed.

■■ Defendant further asserts that the inference of guilt flowing from the unexplained possession of recently stolen property is in violation of his fifth amendment rights as applied under the fourteenth amendment of the United States Constitution. This issue has been considered in cases where juries are instructed on the presumption (IPI Criminal

Instructions 13.21). The instruction has been upheld. (*People v. Whittaker*, 45 Ill.2d 491, 259 N.E.2d 787; *People v. Hayes*, 133 Ill.App.2d 885 272 N.E.2d 423.) The court as the trier of fact in Street would have been entitled to employ the presumption. The *Whittaker* opinion cites *Turner v. United States*, 396 U.S. 398, 24 L.Ed.2d 610, 90 S.Ct. 642, where the court concluded that a jury instructions on the inference did not violate the right of Turner to be convicted only on a finding of guilt beyond a reasonable doubt and did not place impermissible pressure upon him to testify in his own defense (24 L.Ed.2d at 624). The opinion of the supreme court in *Whittaker* is dispositive of this issue.

■■ Although the issue was not raised, defendant may not be sentenced concurrently or consecutively on offenses resulting from the same conduct. (*People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316, and *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679.) A review of the record reveals that defendant was convicted of knowingly and without authority entering into Hazel's Hardware Store with intent to commit theft and once inside having taken fishing gear and electrical appliances. There is no indication that the acts constituting the burglary were "independently motivated or otherwise separable" from the conduct which constituted the offense of theft. (*People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24.) Thus, the judgment entered upon the charge of burglary is affirmed and the judgment entered upon the charge of theft is reversed and cause remanded to the circuit court with directions to issue an amended mittimus.

Affirmed in part and reversed in part and remanded with directions.

SMITH and SIMKINS, JJ., concur.