The People of the State of Illinois, Plaintiff-Appellee, v. William F. Dunham, Defendant-Appellant.

(No. 11768; )

Fourth District—August 13, 1973.

Kenneth L. Gillis, District Defender, of Defender Project, of Chicago, and Brian David, Senior Law Student, for appellant.

Thomas P. Carmody, State's Attorney, of Carlinville, and Michael Prall, of Circuit Attorney Project, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

In a bench trial, the defendant was found guilty of attempting to burglarize a jewelry store, theft of nine spools of copper wire worth approximately $4400, burglarizing a hardware store and theft of a quantity of items from the hardware store. He was sentenced to not less than 1 nor more than 3 years on these charges with the sentences to run concurrently. On appeal, the defendant contends that the evidence does not establish guilt beyond a reasonable doubt and that he was too intoxicated to form a specific criminal intent. He was tried with his co-defendant, Bobby Street, and in an opinion filed in this court (11 Ill. App.3d 243, 296 N.E.2d 606), we affirmed that conviction, but reversed the judgment entered on the charge of theft for the reasons that the acts constituting the burglary and theft of the contents were not independently motivated or otherwise separable. The defendant's conviction of theft of items in the hardware store must be reversed here for a like reason. *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24.

Another codefendant, Paul Cook, pleaded guilty to all the charges and was sentenced to concurrent 2 to 5 year terms in the penitentiary and testified in the trial of Dunham and Street. He gave a complete account of the evening's activities and asserted that he planned and carried out the offenses completely by himself, with Street and Dunham being passed out in the cab of the truck without any knowledge of the offenses. As to the jewelry store, two witnesses identified Paul Cook as the man using the pry bar and Dunham as the second man who appeared to be acting as a lookout. The truck involved bore the legend "Street Construction Co." Cook testified that after leaving the jewelry

store, Dunham and Street passed out and he drove the truck and alone entered the hardware store and carried the fishing equipment and the electrical appliances and then drove to the telephone company where he alone moved nine rolls of copper wire weighing approximately 290 lbs. into the back of the truck. Shortly thereafter, Dunham awoke complaining about the rough riding truck, then learned of the theft and insisted he wanted no part of such business. At about that same time Street awoke and felt well enough to take over driving and he likewise objected to any part in the theft.

■■ The police officers making the arrest in Bunker Hill at 10:45 P.M. saw no evidence of intoxication nor did other police officers who saw the defendant in jail immediately after the arrest. The two witnesses at the jewelry store testified that the defendant returned to the truck there without any evidence of intoxication at about 9 P.M. Where a jury is waived, the credibility of witnesses and the weight to be given their testimony are for the trial court who saw and heard the witnesses testify. (*People v. Smith*, 41 Ill.2d 158, 242 N.E.2d 198.) The inferences to be drawn from the facts and evidence are for the trial court and unless they are inherently impossible or unreasonable, they should be accepted on appeal. (*People v. Coleman*, 127 Ill.App.2d 38, 261 N.E.2d 705). The evidence of intoxication in this case is essentially one depending upon the credibility of the witnesses and Cook's testimony taken in totality leaves much to be desired. It is a bit strange that Street could wake up shortly after the incident and take over the driving of the truck, and showed no evidence of intoxication at the time of the arrest. Likewise Cook's testimony that he alone loaded the 290 lbs. of copper wire into the truck is at least a strain on credulity. While it is true that most of the evidence in this case is circumstantial, the recent possession of this stolen property is not in any way disputed and in addition, the actual happenings were related by Dunham and by Street. Dunham's defense was that he didn't participate and couldn't participate because of intoxication. We cannot say from the totality of the evidence that the trial judge's conclusion of guilty beyond a reasonable doubt is so implausible as to raise a reasonable doubt as to the defendant's guilt.

■■ A discussion of the trial judge's refusal to admit this defendant to probation becomes now fundamentally an academic exercise. First of all our review of such refusal is limited to the extent of ascertaining whether the trial court did, in fact, exercise discretion or whether it acted in an arbitrary manner. (*People v. Saiken*, 49 Ill.2d 504, 275 N.E.2d 381.) The trial court's consideration of the balancing factors indicates that the court considered all factors and acted neither arbitrarily nor did it abuse its discretion. Likewise it is stated in the appellant's

brief that this defendant was admitted to parole two months before the defendant's brief was filed in this court. His penitentiary sentence has been served and the supervisory aspects of rehabilitation are in operation. No sound reason for disturbing this process has been presented.

■■ Accordingly, the conviction of the defendant for the theft of the hardware store is reversed, and in all other respects the judgments of guilt and the sentences imposed are affirmed. The cause is remanded to the trial court with directions to issue an amended *mittimus*.

Affirmed in part; reversed in part and remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.