THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD GROTTI, Defendant-Appellant.

(No. 73-185; )

Third District—June 6, 1974.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

A. Randolph Comba, State's Attorney, of Princeton, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Bureau County following a conviction of defendant Ronald Grotti of the offenses of burglary and theft of property under $150. Defendant was sentenced

to 1 to 3 years for burglary and 6 months for theft, with the sentences to be served concurrently.

In this court, defendant contends that the judgment entered upon the charge of theft should be reversed because the act constituting the theft was not independently motivated or otherwise separable from the act constituting the burglary. It is also contended that the trial court improperly and unconstitutionally allowed the prosecutor to present evidence of a charge for which defendant had not been convicted, at the hearing in aggravation and mitigation, and asserts that the resulting denial of probation constituted an abuse of discretion.

At the jury trial, a police officer testified that he had attempted to check defendant's automobile for license-plate violation resulting from a high-speed chase which culminated in defendant's arrest for reckless driving. In the rear of the stationwagon was seen a lawnmower and a motorcycle in plain view. Defendant had consented to the search of the vehicle. The lawnmower and motorcycle had been stolen from the garage of another person, where the garage door had been left open.

At a hearing, which served both as a probation proceeding and a hearing in aggravation and mitigation, an Illinois State trooper testified about an alleged incident involving defendant which resulted in an indictment which was pending at the time of the hearing. The incident involved an assertion that defendant had punched the trooper in the chest and threatened that the group with which he was riding at the time in that incident would kill the trooper. The trooper testified that when he pulled his gun, defendant and the others fled from the scene in their automobile. The complaint which was signed in that cause was apparently for aggravated battery and aggravated assault. The record does not indicate whether there was any subsequent conviction on this charge.

A probation officer recommended, on the sole basis of the seriousness of the offense of burglary and theft in the cause before us, that the sentence be 1 to 3 years in the State Penitentiary. There was also a contention that the prosecutor, in arguing as to sentencing alternatives, urged the court to deny probation and impose a prison sentence and referred to testimony of the State trooper.

■■ In view of the Illinois Supreme Court decision in *People v. Lilly*, 56 Ill.2d 493, and cases such as *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651, the prosecutor made no objection to the appellant's prayer for the reversal of the judgment entered on the charge of theft, and agrees that the conviction on the charge of theft should be reversed, because the act constituting the theft was not independently motivated or otherwise separable from the act constituting the burglary. The judgment entered on the theft charge should, therefore, be reversed.

■■ There was no indication in the record that the trial court made the determination as to denial of probation on the basis of any improper evidence which may have developed at the probation hearing. As indicated in the case of *People v. Dunham,* 13 Ill.App.3d 784, 300 N.E.2d 328, the appellate court, in reviewing an issue similar to that involved in the instant case, stated that the review of the refusal of the court to grant probation is limited to the extent of ascertaining whether the trial court did in fact exercise discretion or whether it acted in an arbitrary manner.

■■ In presentation of this case on appeal, the appellant states that he is now on parole and he suggests that this court of review reduce his sentence to probation. While a court of review is not authorized to grant probation (*People ex rel. Ward v. Moran,* 54 Ill.2d 552, 301 N.E.2d 300), it does have authority to determine whether the discretion of the trial court was abused in denying probation. As indicated in *People v. Dunham,* 13 Ill.App.3d 784, 300 N.E.2d 328, where a defendant is already on parole such procedure is not recommended. We find no compelling reason to remand this cause to the trial court for further consideration of the issue of probation in view of the circumstance that defendant is now on parole. Additionally, our examination of the record does not indicate affirmatively that the trial court abused its discretion or used or considered improper evidence in making a determination that probation should be denied to defendant.

For the reasons stated, the judgment of the Circuit Court of Bureau County in this cause is affirmed as to the conviction and sentence of defendant for burglary, but the judgment of the Circuit Court of Bureau County is reversed as to the conviction and sentence for theft of property.

Affirmed in part and reversed in part.

SCOTT, P. J., and STOUDER, J., concur.