THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THARTHUR JOHNSON, Defendant-Appellant.

(No. 12272;

Fourth District—July 17, 1974.

Deneen, Sullivan and Deneen, of Bloomington (Robert Deneen, of counsel), for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Kai A. Wallis, of Circuit Attorney Project, of counsel), for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a judgment of the trial court of McLean County in a bench trial finding him guilty of reckless conduct and imposing a 60-day sentence. The defendant was charged with aggravated battery and found not guilty of that charge. There was no count for reckless conduct and accordingly two issues are presented to us. (1) Is reckless conduct a lesser offense when included in the charge for aggravated battery, and (2) whether the evidence was sufficient to prove the defendant guilty of reckless conduct beyond a reasonable doubt.

Some ladies were threatened by a couple of intruders in their apartment. They awakened their brother and told him of the incident and gave a description of the intruders. One of the young ladies called her fiance and related the account to him and he in turn called his brother. The three men then proceeded to look for the intruders in the neighborhood. At this time one of the men was carrying a broom handle about 2 to 3 feet long. They went on to the property of the defendant looking for the intruders. The defendant came out of the house and ordered them off his property. Evidence indicated that there was loud talking and conversation between the parties. Defendant at first was on his porch holding a gun in his hand when he gave them the order to leave. They passed by him and as they did so, he fired a shot into the ground. When the three searchers got on or near the city sidewalk, they turned to the defendant and told him that they were now on public property and would not leave until the police arrived. They likewise told him that the police had been called. At this time the defendant was some 10 feet away from them and they were standing side by side on the sidewalk. The evidence indicates

that at no time did any of the three make any advances or threats to the defendant. At this point in time, the defendant fired a second shot into the ground and this shot ricocheted into the chest and arm of one of the three. The court found that the defendant honestly felt threatened when he fired the first shot. It likewise found that there was no legal justifica-cation for the second shot which produced the injury. However, the court found that the defendant's conduct under the facts and circum-stances was a gross deviation from the standard of conduct which a reasonable person would have exercised or should have exercised under the circumstances; that the failure to retreat to his porch when the three searchers were closer to the city sidewalk than to the house and therefore, at this point, physically incapable of committing any bodily harm upon the defendant nullified any thought that the second shot was in neces-sary self-defense or justified for his own self protection. Self-defense was waived during oral argument.

■■ The first issue as to whether or not reckless conduct is a lesser offense under a charge of aggravated battery has been laid to rest in this court's opinion in *People v. Thomas*, 1 Ill.App.3d 139, 275 N.E.2d 253, and we adhere to the views expressed in that opinion.

■■ Recklessness is defined in section 4—6 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 4—6), as follows "Recklessness. A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard con-stitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. * * *" The trial court heard and considered the testimony of the witnesses and drew the inferences from the facts and circumstances described. Unless they are inherently impossible or unreasonable, they should be accepted on appeal. (*People v. Coleman*, 127 Ill.App.2d 38, 261 N.E.2d 705, and *People v. Dunham*, 13 Ill.App.3d 784, 300 N.E.2d 328.) Under the facts and circumstances described in this record, the trial court could well find that the firing of the second shot was not reasonably necessary or required to protect this defendant and his household even though the defendant may have felt that it was reasonably necessary to do so. There was considerably lapse of time between the two shots although the evidence is in conflict on this point. An independent witness who heard the first shot and saw the second testified that the defendant was standing near a tree and that the middle man of the three turned around just as the shot was fired and to this extent corroborates the testimony of the three men rather than that of the defendant.

■■ Of importance also is the fact that it was stipulated that the

defendant Johnson fired the bullet that caused great bodily harm to the injured person and the trial court therefore had only to decide whether or not the act was recklessly performed. As one looks at the undisputed evidence at a point in time when the second shot was fired, the conclusion seems to be inescapable that the defendant's conduct constituted a gross deviation from that standard of care and conduct which a reasonable person would or should exercise under a like situation. Defendant cites *People v. Post*, 39 Ill.2d 101, 233 N.E.2d 565, where the court held that firing a gun into the ground was not per se recklessness warranting a conviction for manslaughter. The evidence there was largely circumstantial and does not furnish the solid facts here presented as to the conduct of the parties and the lack of necessity for defendant's action. Thus, the trial court was warranted in its finding that the conduct of the defendant was reckless as herein above defined as an included offense and in violation of section 12—5 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—5), which reads as follows:

"Reckless Conduct. (a) A person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful. * * *"

The judgment should be and it is hereby affirmed.

Affirmed.

TRAPP and SIMKINS, JJ., concur.