THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LES SNOW, JR., Defendant-Appellant.

(No. 12243;

Fourth District—August 22, 1974.

Markowitz, Lawrence, Lenz, Jennings and Naylor, of Bloomington (Harold M. Jennings, of counsel), for appellant.

Paul R. Welch, State's Attorney, of Bloomington (John A. Beyer, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from a conviction for theft in excess of $150 entered upon a jury verdict. Defendant was sentenced to serve a term of 2 to 5 years in the penitentiary.

The record indicates that the defendant was charged in connection with his sale of a stolen 1969 Ford pickup truck with an attached camper

top. The State's case-in-chief showed that two vehicles were involved—the identification number of the stolen truck being altered to conform to the identification number of a wrecked Ford truck obtained by defendant in Indiana.

There is little or no dispute in the record as to the fact that the vehicle sold by defendant Les Snow was, in fact, stolen from one Sylvester Coplin in Chicago on or about March 15, 1971. The gist of this appeal is whether the State showed by circumstantial evidence that the defendant knowingly exerted unauthorized control over a vehicle which he knew at the time was stolen.

Snow testified he had purchased a wrecked 1970 Ford pickup truck in Indiana which, according to defendant, he subsequently took to Chicago to be rebuilt by one "Bob Pronger," the owner of a body shop on 127th Street in Blue Island, Illinois. Snow stated he was unaware of the fact that the vehicle returned to him by Pronger was, in fact, stolen. The whereabouts of Pronger at the time of the trial was unknown.

The evidence showed many differences between the truck bought by the defendant in Indiana and the one allegedly returned to him by Pronger. The prosecution pointed out that although the defendant had given Pronger a wrecked 1970 Ford pickup, the truck returned to him was a 1969 model equipped with a camper, that the returned vehicle had an automatic instead of a manual transmission, a step-up bumper instead of a plain chrome one, and a poorly done white-over-green paint job on the cab. Numerous other discrepancies between the two vehicles were indicated by the evidence.

On the foregoing, the jury found the defendant guilty of exerting unauthorized control over the truck of Sylvester Coplin.

It is argued on review that the court erred in giving an instruction, IPI-Criminal 13.21; that certain statements by the State's witnesses were inadmissible as hearsay and that the defendant was improperly impeached by the introduction of evidence of a prior conviction.

The indictment charged defendant with theft "in that he wilfully, unlawfully and knowingly obtained or exerted unauthorized control over property * * * owned by Les Coplin [sic], with intent to deprive the owner permanently * * *." Such charge is in the language of section 16—1(a) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 16—1(a)).

In opening statements, the State's Attorney stated that the prosecution would not undertake to prove that "Snow physically stole the truck from Chicago." Upon such statement, defendant argued, in the trial court and here, that defendant was to be convicted of possession of stolen property

in violation of section 16—1(d) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 16—1(d).[1]

Defendant points out that the authorities hold that theft of property is different conduct than receiving stolen property. From the premise that the State was proving the charge of receiving stolen property, he argues that there was error and prejudice in giving IPI-Criminal instruction 13.21.[2]

The premise is false. The Criminal Code, article 15, defines the terms in the statutes relating to offenses against property. Section 15—8 (Ill. Rev. Stat. 1969, ch. 38, par. 15—8) provides:

> "[T]he phrase 'obtains or exerts control' over property, includes but is not limited to the taking, carrying away, or the sale, conveyance, or transfer of title to, or interest in, or possession of property."

It is held that the obtaining of unauthorized control includes, but is not limited, to the initial taking or carrying away (*People v. Helm,* 10 Ill.App.3d 643, 295 N.E.2d 78), and that the unauthorized possession need not begin at the time of the original taking. (*People v. Quick,* 15 Ill.App.3d 300, 304 N.E.2d 143.) There is no support for the claim that the State sought to convict upon the evidence of receiving stolen property.

Such instruction does not create an unconstitutional pressure compelling defendant to testify in his own behalf in violation of fifth amendment rights. *Turner v. United States,* 396 U.S. 398, 24 L.Ed.2d 610, 90 S.Ct. 642; *People v. Street,* 11 Ill.App.3d 243, 296 N.E.2d 606.

The second contention of defendant is that the trial court erred in permitting witnesses for the prosecution to testify as to the manner in which Ford vehicle-identification numbers were stamped on the frame of Ford trucks in that no evidence was introduced showing that the witnesses themselves had observed said numbers being implanted on either 1969 or 1970 Ford pickups, and that the testimony was hearsay. The record shows that the questioned testimony was not elicited in order to show that the truck sold by defendant was stolen. Such fact was proven through the testimony of the owner, Sylvester Coplin, by various identifying marks and encumbrances on the truck body and cab. The

---

[1] "Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, * * *."

[2] "If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by theft."

purpose for which the State offered testimony that the numbers on the frame had been altered was to show knowledge on the part of the defendant.

■■■ It may be said that since the evidence showed numerous and more obvious differences between the vehicle stolen and that purchased by defendant, the jury could have determined that defendant knew that the truck sold was not the one purchased in Indiana, and thus the asserted error was harmless. Nonetheless, we hold that the expert testimony was properly admitted upon the authority of *People v. Brown*, 125 Ill.App.2d 336, 261 N.E.2d 11. See also *People v. Owens*, 41 Ill.2d 465, 244 N.E.2d 188.

The testimony was given by a police officer and an agent of the National Automobile Theft Bureau who were qualified by years of study, practical experience, and whose business it was to verify such automobile identification numbers. The opinions were based upon personal knowledge and examination of the vehicles. *Skalon v. Manning, Maxwell & Moore, Inc.*, 127 Ill.App.2d 145, 262 N.E.2d 146.

■■■ In *People v. Jennings*, 252 Ill. 534, it is said that the general rule is that whatever tends to prove any material fact is relevant and competent, and that expert testimony is admissible when the subject matter of the inquiry is of such a character that only persons of skill and experience in it are capable of forming a correct judgment as to any facts connected therewith.

■■ Defendant urges that the trial court erred in denying his motion *in limine* and in admitting evidence of defendant's prior conviction upon a plea of guilty to possession of a motor vehicle which altered serial numbers. In *People v. Washington*, 55 Ill.2d 521, 304 N.E.2d 276, it is said that such evidence is admissible in the sound discretion of the trial court subject to the specified limitations stated in *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695. This prior conviction was within the time limitation stated in *Montgomery* and was punished by imprisonment in excess of 1 year. In the light of the issues present here, the prior conviction does have a bearing on the credibility of defendant. (*People v. Blythe*, 17 Ill.App.3d 768, 308 N.E.2d 675.) We find no abuse of discretion.

■■■ The Unified Code of Corrections, effective January 1, 1973, governs the sentence imposed in cases pending on appeal. (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) The conviction reviewed here is a Class 3 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(e)(2).) As to such, the minimum sentence may not exceed one-third of the maximum. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4).) Pursuant to

878

Supreme Court Rule 615, the minimum sentence is modified and as modified the minimum sentence shall be not more than 1 year and 8 months.

The conviction is affirmed, the minimum sentence is modified and the cause is remanded to the circuit court to issue an amended *mittimus*.

Conviction affirmed, sentence modified, cause remanded with directions.

SMITH, P. J., and SIMKINS, J., concur.